IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00853-MSK-CBS

DAROLD WILLIAMS,
    Plaintiff,
v.

US AIRWAYS/AMERICA WEST AIRLINES,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Mr. Williams' failure to appear at the December 8, 2008 Status Conference, failure to timely serve Defendant, failure to prosecute this civil action, and failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Pursuant to the Order of Reference dated April 29, 2008 (doc. # 3), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se*, Mr. Williams filed the instant action on April 25, 2008. (*See* doc. # 1). Mr. Williams asserted two claims based on alleged discrimination in violation of Title VII, 42 U.S.C. § 2000e-5, based on his race, color, and disability. (*See* doc. # 1). As relief, Mr. Williams seeks "fair compensation, . . .[a] letter of apology, [and] counseling for discrimination for Mr. Pat Ross and Mr. Pete Moore." (*See id.* at p. 6 of 8).

    A Scheduling Conference was set on July 9, 2008 by an Order dated April 30, 2008 (doc. # 4). At Mr. Williams' request, the Scheduling Conference was reset to August 25, 2008 by an Order dated July 8, 2008. (*See* docs. # 5, # 6, and # 7). The court mailed a copy of the Order to Mr. Williams at his address on record with the court. (*See* doc. # 6,

Notice of Electronic Filing). Mr. Williams' copy of the Order was not returned to the court as undeliverable. In the Order, the court directed Mr. Williams to, *inter alia*, submit a proposed scheduling order on or before August 18, 2008, notify all parties who have not yet entered an appearance of the date and time of the Scheduling Conference, confer in accordance with Fed. R. Civ. P. 26(f) on or before August 4, 2008, comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) on or before August 18, 2008, and submit confidential settlement statements on or before August 18, 2008. (*See* doc. # 6). The court did not receive a proposed scheduling order or confidential settlement statement from Mr. Williams. The court held the Scheduling Conference on August 25, 2008. Mr. Williams did not appear in person or through counsel. Nor did Mr. Williams contact the court to explain his failure to appear. No one appeared on behalf of Defendant.

On August 25, 2008, the court ordered Mr. Williams to show cause on or before September 22, 2008 why a Recommendation should not be issued that this civil action be dismissed for failure to prosecute pursuant to D.C. COLO. LCivR 41.1. and failure to timely serve Defendant pursuant to Fed. R. Civ. P. 4(m). (*See* doc. # 9). The court advised Mr. Williams that failure to adequately respond to the Order to Show Cause on or before September 22, 2008 could result in a Recommendation for dismissal of this civil action without further notice. (*See id.*). On September 22, 2008, Mr. Williams filed a response to the court's Order to Show Cause, requesting an extension of time to serve Defendant. (*See* doc. # 10). On September 25, 2008, the court granted Mr. Williams an extension to October 27, 2008 to file proof of proper service on Defendant. (*See* doc. # 11).

On October 27, 2008, Mr. Williams filed a purported "Amended Title VII Complaint" (doc. # 13) and return of service on Defendant (*see* docs. # 14, # 15). In response to Mr. Williams' October 27, 2008 submissions, by a Minute Order dated November 18, 2008, the court set a status conference on December 8, 2008. (*See* doc. # 21). The court mailed a copy of the Minute Order to Mr. Williams at his address on record with the court. (*See* doc.

# 24, Notice of Electronic Filing). Mr. Williams' copy of the Minute Order was not returned to the court as undeliverable. The court held the Status Conference on December 8, 2008. Mr. Williams did not appear in person or through counsel. Counsel appeared on behalf of Defendant. On December 9, 2008, Mr. Williams filed a request to reschedule the Status Conference because "I've been out of town."

II.  Analysis

Fed. R. Civ. P. Rule 4(m) provides in pertinent part

> [i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As more than eight months has passed since the filing of the Title VII Complaint on April 25, 2008, the 120-day period to effect service upon Defendant has expired. Defendant has not filed with the Clerk of the Court a signed waiver of service. Defendant has appeared in this action only to move to dismiss for insufficient process and service of process, among other things.

As no waivers of service have been filed with the court, Mr. Williams must comply with the service requirements of Fed. R. Civ. P. Rule 4. Mr. Williams is suing his former employer, "US Airways/America West Airlines." (*See* Complaint (doc. # 1); Amended Complaint (doc. # 13)). Pursuant to the Federal Rules of Civil Procedure, a corporation such as "US Airways/America West Airlines" must be served:

> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; . . .

Fed. R. Civ. P. 4(h)(1). Colorado law provides for service:

> (4) Upon any form of corporation, partnership, association, cooperative, limited liability company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including nay such organization, association or entity serving as an agent for service of process for itself or for another entity) by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this ste or any other jurisdiction, or one of the following:
>
> (A) An officer of any form of entity having officers;
>
> (B) A general partner of any form of partnership;
>
> (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members;
>
> (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers;
>
> (E) A trustee of a trust;
>
> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title, under:
>
> (I) the articles of incorporation, articles of organization, certificate of limited partnership, articles of association, statement of registration, or other document of similar import duly filed or recorded by which the entity or any or all of its owners obtains status as an entity or the attribute of limited liability, or
>
> (II) the law pursuant to which the entity is formed or which governs the operation of the entity;
>
> (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

C.R.C.P. 4(e)(4). *See also Isis Litig. L.L.C. v. Svensk Filmindustri*, 170 P.3d 742, 748 (Colo. App. 2007) (Rule 4(e)(4) "expressly permits personal service upon a registered agent for service of process.") (citations omitted).

Mr. Williams has submitted as proof of service on Defendant a "Return of Service." (*See* docs. # 14, # 15). The purported "Return of Service" does not comply with any

4

method of service provided under the Federal Rules of Civil Procedure for this Defendant. The "Return of Service" indicates that a letter was sent by certified mail to "Airways Corporate Phoenix AZ" and that a copy of the summons and complaint was left with an unnamed "US Airways Ticket Counter Agent." (*See* doc. # 14, # 15). There is no basis in the record for the court to determine that the unnamed ticket counter agent was an officer, a managing or general agent, or any other agent or person authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e), 4(h)(1); C.R.C.P. 4(e)(4). The "Amended Complaint" is a copy of the original Complaint with "Amended" handwritten on it and does not include any information about the retaliation claim that Mr. Williams purports to be adding. (*See* doc. # 13).

Eight months have passed since Mr. Williams filed the Complaint, four months have passed since the Order to Show Cause (doc. # 9) was issued, and as of this date Mr. Williams has not filed with the court proof of proper service on the Defendant. Nor has Mr. Williams been granted a further extension of time to properly serve Defendant. (*See* doc. # 11 at p. 2 (warning Mr. Williams that no further extensions will be granted)). Under these circumstances, the court need not wait any longer for Mr. Williams to comply with the clear requirements of Rule 4. "Effectuation of service is a precondition to suit . . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the court lacks personal jurisdiction over the Defendant. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). "[T]he serving party bears the burden of proving" the validity of service of process "or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). *See also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (stating plaintiff has burden of establishing validity of

service of process). Mr. Williams has not carried his burden of proving that Defendant has been properly served. For failure to timely serve the Defendant, this civil action may be dismissed without prejudice.

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show case order, a district judge . . . may enter an order of dismissal with or without prejudice.

D.C. COLO. LCivR 41.1. Mr. Williams has failed to appear at the December 8, 2008 Status Conference, failed to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failed to prosecute this civil action. For these reasons, this civil action may properly be dismissed with or without prejudice. *See Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court.").

In order to recommend dismissal of this civil action with or without prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the recommended dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria"). *See also Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) ("when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal.").

6

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

First, there has been some prejudice to the Defendant, as it has filed a motion to dismiss in response to the purported service of this action. (*See* doc. # 18). Second, judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action. Third, the record does not reveal that anyone other than Mr. Williams is culpable for his failure to appear at the December 8, 2008 Status Conference, failure to timely serve the Defendant, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Fourth, the court has repeatedly warned Mr. Williams that failure to timely serve the Defendant, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure may result in dismissal of this civil action without further notice. (*See, e.g.*, docs. # 9, 11). Further, Fed. R. Civ. P. 4(m) provides sufficient warning that failure to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint may result in dismissal. Finally, there is no lesser sanction available under the circumstances. It would be pointless to impose a financial sanction on Mr. Williams, who has consistently failed to comply with the court's orders. All of the five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed with prejudice pursuant to Fed. R. Civ. p. 4(m) for failure to timely serve Defendant and pursuant to D.C.COLO. LR 41.1. for failure to appear at the December 8, 2008 Status Conference, failure to prosecute this civil action, and failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review

by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 22nd day of December, 2008.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge