**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00853-CMA-CBS

DAROLD WILLIAMS,

    Plaintiff,

v.

US AIRWAYS/AMERICA WEST AIRLINES,

    Defendant,

---

**ORDER ADOPTING AND AFFIRMING DECEMBER 22, 2008 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the recommendations by the Magistrate Judge that this civil action be dismissed with prejudice pursuant to F. R. Civ. P. 4(m). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Plaintiff has objected to this recommendation. In light of the objections, the Court has conducted the requisite *de novo* review of the issues, the recommendation, and Plaintiff's objections.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is an employment discrimination case. On April 25, 2008, Plaintiff filed a complaint in this court, asserting two claims of alleged discrimination based on his race, color, and disability in violation of Title VII, 42 U.S.C. 2000e-5. (*See* Doc. # 1.) Specifically, Plaintiff claimed that Defendant designates first class seats for white

employees while black employees are forced to sit in coach, and that Defendant treated him differently after he injured himself on the job. (*Id. at* 3.)

After Plaintiff filed his complaint, he failed to comply with many of the Magistrate Judge's orders, failed to timely serve Defendant, and failed to prosecute his case. Plaintiff's first failed to submit a proposed scheduling order or confidential statement form as ordered by the Magistrate Judge on August 18, 2008. (Recommendation at 2.) Subsequently, Plaintiff failed to attend the Scheduling Conference on August 25, 2008. (*Id.*) On August 25, 2008, "the court ordered Plaintiff to show cause on or before September 22, 2008, why a Recommendation should not be issued that this civil action be dismissed for failure to prosecute pursuant to D.C. COLO. LCivR 41.1 and failure to timely serve Defendant pursuant to Fed. R. Civ. P. 4(m)."[1] (*Id.*) Instead of showing cause, Plaintiff merely responded to the Court's order by requesting an extension of time to serve Defendant. (*See* Doc. # 10.) Next, Plaintiff failed to appear at a Status Conference on December 8, 2008. (Recommendation at 3.)

On December 22, 2008, the Magistrate Judge submitted his recommendation that Plaintiff's complaint be dismissed with prejudice "pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendant and pursuant to D.C. COLO. LR 41.1 for failure to appear at the December 8, 2008 Status Conference, failure to prosecute this action, and failure to comply with the court's Orders, the Local Rules of Practice for the United

---

[1] Fed. R. Civ. P. 4(m) mandates the dismissal of an action without prejudice unless the plaintiff shows "good cause" for the failure to serve the complaint within 120 days after filing the complaint.

2

States District Court for the District of Colorado, and Federal Rules of Civil Procedure." (Doc. # 26, Recommendation at 8.)  On January 6, 2008, Plaintiff submitted his objection (Doc. # 27) to the Magistrate Judge's Recommendation.

**ANALYSIS**

*1.    Legal Standard*

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

At the outset, the Court notes that it has the obligation to construe a *pro se* plaintiff's papers more liberally and to a less stringent standard than formal papers drafted by lawyers.  See *Hall v. Bellmon,* 935 F .2d 1106, 1110 (10th Cir.1991).  However, a *pro se* litigant is not excused from compliance with the fundamental requirements of the Federal Rules of Civil Procedure.  *Id.*

*2.    Evaluation*

When a plaintiff fails to prosecute his claim, comply with a court order or with the Rules of Civil Procedure, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).  This has been interpreted as permitting courts to dismiss actions *sua sponte* when a litigant fails to follow "any order of the court."

3

*See Powell v. Rios*, 241 F. App'x 500, 506 (10th Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

The dismissal of a case is an extreme sanction generally reserved for cases involving willful misconduct. *Mead v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir.1988). Because dismissal with prejudice "defeats altogether a litigant's rights to have access to the courts, it should be used as weapon of last, rather than first, resort." *Id.* at 1520 n. 6 (internal quotation marks and citations omitted). Before a district court employs Fed. R. Civ. P. 41(b) to dismiss a complaint with prejudice, the court must consider the *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* In the instant case, the Magistrate Judge fully considered and evaluated these factors prior to issuing his recommendation that Plaintiff's complaint be dismissed **with prejudice**. After a thorough review of the record and the authorities cited by the Magistrate Judge, the Court concludes that the Magistrate Judge's recommendation is thorough and well-reasoned.

Plaintiff's many failures to obey the rules of procedure and the orders of this Court are simply unacceptable and will not be tolerated. Plaintiff's excuses for failing to comply are not credible. For example, Plaintiff attempts to justify his failure to attend the December 8, 2008 Status Conference by asserting that he was out of town and did not receive notice of the date change until "he arrived back to town" on December 9, 2008. (Def. Response #28.) The minute order rescheduling the Status Conference (the one Plaintiff says he did not receive until "he arrived back to town") was sent out by the Magistrate Judge on November 12, 2008. On November 17, 2008, the Magistrate Judge issued another minute order setting December 5, 2008, as the deadline for Plaintiff to file a response to Defendant's Motion to Dismiss. Plaintiff apparently did receive this minute order because he filed his response on December 3, 2008. Thus, the Court does not credit Plaintiff's excuse that he did not receive notice of the November 12, 2008 Minute Order until "he arrived back in town" on December 9, 2008.

The Magistrate Judge repeatedly warned Plaintiff that failure to timely serve the Defendant, failure to prosecute this action, and failure to comply with the Court's orders, the Local Rules of Practice, and the Federal Rules of Civil Procedure might result in the dismissal of his case. Plaintiff chose to ignore these warnings. Based on the Court's *de novo* review of this matter, the Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct. Accordingly,

IT IS ORDERED that the December 22, 2008 Recommendation of United States Magistrate Judge (Doc. # 26) is ACCEPTED and, for the reasons cited therein, this civil action is DISMISSED WITH PREJUDICE.

DATED: February  27 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge